IN THE IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARSALIS A. ANTHONY, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | |
| CARRILLO, E | ) | |
| in his individual capacity | ) | |
| | ) | |
| KIMBERLING, J N | ) | |
| in his individual capacity, | ) | |
| | ) | |
| CITY OF CHICAGO, | ) | |
| ILLINOIS | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Marsalis A. Anthony ("Anthony") for his complaint against Defendants Carrillo, Kimberling and the City of Chicago, Illinois, states the following on information and belief:

## CAUSE OF ACTION

1. This is an action for damages, brought pursuant to 42 U.S.C. §§ 1983 and 1985, 1986, 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and under the law of the state of Illinois, against Carrillo, E. of the City of Chicago, Illinois, in his individual capacity; Kimberling, J N of the City of Chicago, Illinois, in his individual capacity; and the City of Chicago, Illinois.

2. On June 08, 2017, Mr. Anthony, was arrested by Chicago police officers Carrillo and Kimberling.

3. Upon arrival at the police station for booking and processing, Defendant Carrillo violently grabbed Mr. Anthony out of his squad car and began to choke Mr. Anthony while Officer Kimberling stood by smiling and watching.

4. As a result of the misconduct of Defendants Carrillo and Kimberling, Plaintiff suffered severe personal, physical and emotional injury.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiff's cause of action arising under the Constitution of the United States; 42 U.S.C. § 1983, § 1985, § 1986 and § 1988 (the Civil Rights Act of 1871); and the laws of the State of Illinois, to redress deprivations of the civil rights of the Plaintiff, accomplished by acts and/or omissions of the Defendants and committed under color of state law.

6. This Court has supplemental jurisdiction over Plaintiff's causes of action arising under the Illinois state law pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391, in that all of the claims and events giving rise to this action occurred in this district.

## PARTIES

8. Mr. Anthony is a United States citizen and a resident of the State of Illinois, County of Cook.

9. At all relevant times herein referenced, Defendant Carrillo was employed by the City of Chicago as a sworn police officer under Star number: 18246 and under beat number: 0406A. He is being sued in his individual capacity. At the time of the incident in this Complaint,

Defendant Carrillo was engaged in the conduct complained of while acting within the scope of his employment and under color of state law.

10. At all relevant times herein referenced, Defendant Kimberling was employed as a sworn police officer by the City of Chicago under Star number: 17107 and under beat number: 0406A. He is being sued in his individual capacity. At the time of the incident in this Complaint, Defendant Kimberling was engaged in the conduct complained of while acting within the scope of his employment and under color of state law.

## BACKGROUND

11. On June 8, 2017 Mr. Anthony was arrested by multiple police officers for criminal damage to property, theft and resisting arrest. The arrest occurred at a residence located at 2265 E. 102nd St., Chicago, IL 60617.

12. After being secured in police custody, Chicago police officers Carrillo and Kimberling, who were partners, transported Mr. Anthony to the police station for booking and processing. Mr. Anthony was placed in handcuffs and in the backseat of Carrillo and Kimberling's squad car.

13. Upon arrival at the parking lot of the police station, Defendant Carrillo immediately violently grabbed Mr. Anthony out of the squad car and in the process scratched skin off from Mr. Anthony's upper hand.

14. Once Defendant Carrillo had removed Mr. Anthony from the squad car, Defendant Carrillo began choking Mr. Anthony around the neck. Mr. Anthony begged and pleaded with Defendant Carrillo to stop choking him. The choking continued despite the pleas and Mr. Anthony eventually collapsed and fainted.

15. Prior to and during the choking at the police station, Mr. Anthony never resisted arrest and had done nothing to justify the violent grabbing out of the car or the chocking that ensued.

16. Also, during the chocking and the grabbing, Mr. Anthony, begged for Defendant Kimberling, who was watching, to tell Defendant Carrillo to stop the wrongdoing, but, Defendant Kimberling responded by staring at Mr. Anthony while smiling.

17. Mr. Anthony was transported by ambulance to Trinity Hospital for treatment after he collapsed and fainted while in the custody of Defendants Carrillo and Kimberling.

18. After the incident, Defendant Kimberling attested to a inaccurate report in which he claimed that any force used on Mr. Anthony at the police station was justified. Additionally, Defendant Kimberling never mentions Defendant Carrillo's violent grabbing and choking of Mr. Anthony within his police report.

19. Mr. Anthony was later prosecuted and pled guilty to resisting arrest at the location of 2265 E. 102nd St., Chicago, IL 60617. In fact, during the proffer for the plea of guilty, the Assistant State's Attorney stipulated that Mr. Anthony had resisted arrest at the location of his arrest.

20. This plea of guilty had nothing to do with Defendant Carrillo's violent grabbing and choking of Mr. Anthony while Mr. Anthony was in police custody at the police department after his arrest. Nor does the plea of guilty have anything to do with Defendant Kimberling's failure to intervene during Defendant Carrillo's violent grabbing and choking of Mr. Anthony or his subsequent coverup of Defendant Carrillo's violent grabbing and choking of Mr. Anthony.

21. As a direct and proximate result of the willful, wanton, and malicious actions of the Defendants Carrillo and Kimberling, Mr. Anthony suffered the following injuries and damages:

    a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United Sates Constitution;

    b. Loss of his physical liberty;

    c. Psychological abuse and mental coercion; and

    d. Mental and emotional trauma.

    e. Physical pain and suffering

22. At all relevant times, Defendants Carrillo and Kimberling were acting under color of state law and under color of authority as police officers, employees, and agents or servants of the City of Chicago, Illinois.

## COUNT 1

*42 U.S.C. §1983 (Excessive Force in violation of the Fourth and Fourteenth Amendments Against Defendants Carrillo, E. and Kimberling, J N.*

23. The Plaintiff, Mr. Anthony re-alleges and incorporates herein the allegations of paragraphs 1 through 22 as his respective allegations of paragraph 23 of Count I.

24. At the time of the complained of events, Mr. Anthony had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force.

25. Mr. Anthony also had clearly established constitutional right under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement.

26. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

27. Defendants Carrillo and Kimberling's actions and use of force as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated the Fourth Amendment right of Plaintiff.

28. Defendants Carrillo and Kimberling's actions and use of force, as described herein, were intended to cause harm unrelated to any legitimate object of arrest or seizure. Defendants actions and use of force shocks the conscience and violated the Plaintiff's Fourteenth Amendment Right.

29. Defendants Carrillo and Kimberling unlawfully seized the Plaintiff by means of objectively unreasonable, excessive and conscious shocking physical force, thereby unreasonably restraining the Plaintiff of his freedom.

30. Additionally, Defendant Kimberling neglected to prevent Defendant Carrillo's wrongdoing towards Mr. Anthony and is thus liable for all damages that are a result of Defendant Carrillo's violent grabbing and choking of Mr. Anthony.

31. As a direct and proximate consequence of said conduct of Defendants Carrillo and Kimberling, the Plaintiff suffered violations of his constitutional rights, personal and physical injuries, monetary expenses, fear, emotional distress, and other injuries.

## COUNT II

### *Indemnification Pursuant to 745 ILCS 10/9-102*
### *Against the City of Chicago*

32. The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 31 as his respective allegations of paragraph 32 of Count II.

33. The misconduct of Defendants Carrillo and Kimberling were committed in the scope of their employment with the Defendant City of Chicago.

34. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-402, Defendant City of Chicago is liable for any judgments for compensatory damages in this case arising from the actions of Defendants Carrillo and Kimberling.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Marsalis Anthony, demands the following relief, jointly and severally, against all the defendants:

A. Compensatory damages.

B. Punitive damages with respect to Defendants Carrillo and Kimberling in their individual capacities and to be sure, with respect to Counts I.

C. Attorney's fees pursuant to 42 U.S.C. § 1988. Award Plaintiff's counsel reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law.

D. Such other and further relief as this Court may deem appropriate under the circumstances.

**JURY TRIAL DEMAND**

Plaintiff demands a jury trial, pursuant to the Seventh Amendment to the Constitution of the United States, as to all claims for damages.

> Respectfully submitted,
>
> /s/ Nnanenyem E. Uche
>
> Nnanenyem E. Uche
> Uche P.C.
> 314 N. Loomis St., Suite G2
> Chicago, IL 60607
> Tel: (312) 380-5341
> Fax: (312) 858-6188
> Attorney No: 6294606
> Email: nenye.uche@uchelitigation.com