**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

MARSALIS A. ANTHONY,
Plaintiff,

v.

E. CARRILLO, et al.,
Defendants.

Case No. 19 C 3842
Judge Charles R. Norgle, Sr.

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO AMEND OR VACATE JUDGMENT**

Plaintiff Marsalis A. Anthony, by counsel, responds as follows to defendants' "Joint Rule 59(a) Motion To Amend Judgment Or In The Alternative To Vacate It Pursuant To Rule 60(b)(1)."

## STATEMENT OF FACTS

Plaintiff Marsalis Anthony filed suit against Chicago Police Officers E. Carrillo and J. Kimberling, as well as the City of Chicago, alleging violations of the Fourteenth Amendment under 42 U.S.C. 1983 and violations of state law. [Doc #1]. More specifically, Anthony alleged that, on June 8, 2017, he was an arrestee who was handcuffed in the rear of Carrillo and Kimberling's squad car. [Doc #1 at ¶¶ 11-12]. According to the complaint, after the officers drove Anthony to the police station parking lot, Carrillo violently removed Anthony from the squad car, and placed him in a chokehold. [Doc #1 at ¶¶ 12-14]. Anthony begged Carrillo to stop choking him, but Carrillo persisted until Anthony collapsed. [Doc #1 at ¶ 14]. Kimberling witnessed Carrillo's excessive force and heard Anthony's pleas, but did not intervene. [Doc #1 at ¶ 16]. Instead, Kimberling stared and smiled at Anthony.

[Doc #1 at ¶ 16]. Defendants appeared and answered plaintiff's complaint. [Docs. #7-14, 16, 19-20].

On January 22, 2020, the City and Carrillo served on plaintiff an offer of judgment pursuant to Fed. R. Civ. P. 68. [Doc #27-1]. The offer allowed

> judgment to be taken against them collectively and in favor of Plaintiff Marsalis Anthony, in the amount of FIFTY THOUSAND AND ONE DOLLARS AND NO/100 CENTS ($50,001.00), plus reasonable attorneys' fees and costs not to exceed NINE THOUSAND NINE-HUNDRED AND NINETY-NINE DOLLARS AND NO/100 CENTS ($9,999.00) accrued through the date of service of this offer of judgment.

[Doc #27-1 at ¶ 1]. The offer also contained language releasing defendants "and any other current or former employees or agents of the City of Chicago…from any and all claims that were or could have been alleged by" Anthony. [Doc #27-1 at ¶ 3]. The offer did not specify any process by which reasonable attorneys' fees and costs could be adjudicated at any amount less than $9,999.00; nor did it require plaintiff to petition the Court to award such costs, or obtain defense counsel's agreement as to the appropriate amount of costs. [Doc #27-1]. The offer expressly disclaimed that Anthony was a prevailing party. [Doc #27-1 at ¶ 4 ("Upon acceptance of this offer, the parties agree that Plaintiff shall not be considered to be a prevailing party in this matter.")].

On February 4, 2020, Anthony filed written notice accepting the offer. [Doc #27]. The notice reflected the Anthony accepted judgment in the amount of $50,001.00 plus $9,999.00 in reasonable attorney's fees and costs. [Doc #27]. The notice read, "A true copy of Defendants' accepted offer is attached hereto as Exhibit

A," and the accepted offer was indeed attached. [Doc #27]. Three days later, on February 7, 2020, the clerk entered judgment on defendants' accepted offer. [Doc #28].

After judgment was entered, defense counsel contacted Anthony's attorney, claiming that the court's judgment failed to properly reflect the offer. Ex. A. On the same day judgment was entered, defense counsel sent a proposed judgment order, which set forth a procedure not identified in the accepted offer, that "the Court shall determine the amount of reasonable attorneys' fees and costs… upon the petition of plaintiff's counsel." Ex. B ¶ 2. Counsel's proposed judgment order repeated that plaintiff was not a prevailing party. Ex. B ¶ 5. Anthony's attorney responded that the reasonable attorney's fees and costs exceeded $9,999.99, and attached a timesheet and a copy of his fee agreement. Ex. C. Anthony's attorney proposed that the parties stipulate to this, or reach a settlement, "[t]o be efficient and avoid wasting the court's time with something we can easily work out," and asked that counsel "[p]lease let [him] know [her] thoughts." Ex. C. Defense counsel never responded.

Instead, counsel filed a motion to amend or else vacate the judgment. [Doc # 29]. Counsel captioned this as a "Joint Motion," even though Anthony did not join in or assent to it. [Doc #29]. In fact, the motion is brought by two movants – Officer Carrillo and the City, both of whom are represented by the Corporation Counsel – and it is joined by no one. [Doc #29]. The motion wrongly asserts that "Plaintiff re-drafted and filed his own version of Defendants' Offer of Judgment on February 4,

2020." [Doc #29 at ¶ 2]. The motion asks the Court to amend the judgment to require plaintiff's counsel to file a fee petition. [Doc #29 at ¶ 2]. The motion alternatively asks that the Court vacate the judgment entirely, "for there was no meeting of the minds in regard to the purported Offer of Judgment filed by Plaintiff int his [sic] case." [Doc #29 at ¶ 10]. According to the motion, undoing the judgment and reopening the case "will allow the parties time to further negotiate the terms of another possible the [sic] Offer of Judgment acceptable to both parties." [Doc #29 at ¶ 10].

## ARGUMENT

This Court should reject defendants' efforts to undo the judgment. It is well settled that the terms of Rule 68 offers are to be strictly construed against the defendant, and in favor of the plaintiff. See, e.g., Sanchez v. Prudential Pizza, Inc., 709 F.3d 689 (7th Cir. 2013). The rationale for that rule is that plaintiffs "are at their peril whether they accept or reject a Rule 68 offer" due to the ramifications potentially flowing from either choice. Webb v. James, 147 F.3d 617, 623 (7th Cir. 1998). "Most important, because the consequences of a Rule 68 offer are so great, the offering defendant bears the burden of any silence or ambiguity regarding attorney's fees." Sanchez, 709 F.3d at 692. Here, in addition to $50,001.00 in compensatory damages, defendants offered to pay attorney's fees and costs in an amount not exceeding $9,999.00, and Anthony accepted that entire amount. Importantly, the offer did not set forth any process for adjudicating fees and costs, and was silent on what would occur if the parties disagreed as to the appropriate

amount; it merely said that the costs and fees could not exceed $9,999.00. Indeed, far from requiring judicial determination of this issue, the offer expressly deemed Anthony not to be a prevailing party. The judgment should accordingly stand.

Before turning to the merits in further detail, we must address several false factual assertions in defendants' motion. To begin, defendants accuse plaintiff's counsel of "re-draft[ing] and fil[ing] his own version of Defendants' Offer of Judgment." [Doc #29 at ¶ 2]. That is utterly false. Counsel did not "re-draft" or create "his own version" of "Defendants' Offer of Judgment." Counsel filed a true and accurate copy of Defendants' Offer of Judgment, along with a written acceptance, as contemplated by Rule 68. Fed. R. Civ. P. 68(a) ("If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service."). Defendants also incorrectly assert that counsel "deleted two main conditions" from the offer. [Doc #29 at ¶ 2]. Again, counsel did not alter the offer in any way. And Anthony's notice of acceptance, if that is what defendants meant to refer to, did not "delete" conditions from the offer, either. Defendants' complaint that the notice of acceptance did not include "a release from liability for any and all other City of Chicago employees beyond Emilio Carrillo," [Doc #29 at ¶ 2], is makeweight. The notice of acceptance specifically stated that the litigation was "terminat[ed]" as to "all named and unnamed defendants." And defendants are incorrect that the offer stated that "attorneys' fees [were] still to be determined through submission of a fee petition." [Doc #29 at ¶ 2]. In fact, the offer said nothing about a fee petition, and

defendants should not be heard to complain that counsel "deleted … conditions" that never existed to begin with.

## I. THIS COURT'S JUDGMENT SHOULD STAND.

Again, "any ambiguities in a Rule 68 offer must be resolved against the defendant." Morjal v. City of Chicago, 774 F.3d 419, 420 (7th Cir. 2014). Here, the offer stated that defendants offered judgment in the amount of $50,001.00 plus reasonable costs and attorney's fees not to exceed $9,999.00. [Doc #27-1 at ¶ 1]. The offer did not state that Anthony would need to petition the Court to adjudicate such reasonable costs and attorney's fees. Nor did it set forth any procedure to follow if the parties did not agree on the appropriate amount of costs and fees. It said only that the costs and fees could not exceed $9,999.00, and, in response, Anthony claimed precisely that amount. [Doc #27].

To be sure, defendants did send a proposed judgment order to Anthony that contained language requiring him to petition for attorney fees. Ex. B ¶ 2. But defendants did not send that proposal until three days after Anthony had filed his acceptance. Ex. B. That did not change the accepted offer.

We do not doubt that defendants could have drafted their offer to require judicial adjudication of fees and costs, as the City of Chicago's Law Department has done many times in past cases. See, e.g., Morjal, 774 F.3d at 420 ("Defendants offer to allow judgment to be taken against them in the total amount of $10,001.00 plus reasonable attorney's fees and costs accrued to date in an amount to be determined by the Court.") (emphasis added). But, here, there was no such language. And in

the absence of requiring judicial adjudication of this issue, or a mechanism for resolving a dispute between the parties as to the proper amount, Anthony was entitled to claim the entire amount of $9,999.00 as and for his reasonable attorney's fees and costs. Indeed, by expressly disclaiming that Anthony was a prevailing party, defendants eliminated 42 U.S.C. § 1988 as the basis for adjudicating fees; instead, Anthony's right to reasonable fees and costs is defined solely by the offer, which says only that they cannot exceed $9,999.00. By doing so, defendants arguably deprived this Court of jurisdiction to decide that Anthony was entitled to anything less than the amount he claimed in his acceptance. Cf. Arencibia v. Miami Shoes, Inc., 113 F.3d 1212 (11th Cir. 1997) (holding that district courts lack jurisdiction to adjudicate attorney's fees where the offer is silent on that issue and the underlying fee-shifting statute does not include them as costs).

## II. ALTERNATIVELY, THIS COURT SHOULD REQUIRE THE PARTIES TO MEET AND CONFER IN GOOD FAITH AS TO THE APPROPRIATE MEASURE OF REASONABLE ATTORNEY'S FEES AND COSTS, AND SET A SHORT STATUS DATE.

Alternatively, if the Court believes that it must decide the amount of attorney's fees and costs absent an agreement among the parties as to the appropriate amount, then the Court should order the parties to meet and confer on this issue in good faith, and set a short status date.

Defendants' claim that the judgment should be vacated entirely, and the case reinstated, due to a purported lack of "meeting of the minds" is unsupported by any authority, and should be rejected. Although some cases have analogized Rule 68

offers to contract law offers, the Seventh Circuit has clarified that this is "just that, an analogy, for the reason stated earlier: the consequences of rejecting a Rule 68 offer are more serious than those of rejecting an ordinary contract offer." Nordby v. Anchor Hocking Packaging Co., 199 F. 3d 390, 392 (7th Cir. 1999). Indeed, "Rule 68 operates automatically, requiring that the clerk shall enter judgment upon the filing of an offer, notice of acceptance, and proof of service." Webb, 147 F.3d at 621. Thus, the issue for this Court's decision is the legal effect of defendants' accepted offer, construing its terms in the light most favorable to plaintiff.[1]

## CONCLUSION

Defendants' motion should be denied.

Respectfully submitted

/s/ Nnanenyem E. Uche
**NNANENYEM E. UCHE**
Uche, P.C.
314 N. Loomis St., Suite G2
Chicago, IL 60607
(312) 380-5341
nenye.uche@uchelitigation.com

[1] As the cases repeatedly emphasize, defendants and not plaintiffs write Rule 68 offers. For at least this reason, defendants' claim that undoing the judgment will "allow the parties time to further negotiate the terms of another possible the [sic] Offer of Judgment acceptable to both parties," [Doc #29 at ¶ 10], makes no sense.